**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

THE UNITED STATES OF AMERICA, *et al.*, *ex rel.* JOHN PEPE M.D., and RICHARD SHERMAN M.D.,

Plaintiffs,

-against-

FRESENIUS MEDICAL CARE HOLDINGS, FRESENIUS VASCULAR CARE, INC., and GREG MILLER, M.D.,

Defendants.

-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

**14-cv-03505-LDH-ST**

**TISCIONE, United States Magistrate Judge:**

Defendants move this Court to reconsider its March 31, 2026 Memorandum and Order granting the motion for leave to amend filed by Relators John Pepe, M.D., and Richard Sherman, M.D. ("Relators"). For the reasons discussed below, Defendants' motion is DENIED.

## BACKGROUND

The Court presumes familiarity with the full factual history and procedural background of this qui tam action. Relevant here, on October 31, 2024, the District Court granted Defendants' motion to dismiss Relators' remaining non-intervened claims. Memorandum and Order, ECF No. 141 (the "Dismissal Order"). On August 25, 2025, Relators filed a motion for leave to amend their complaint, ECF No. 146 ("Motion to Amend"), and the motion was referred to this Court. Considering the motion non-dispositive, this Court issued a Memorandum and Order on March 31, 2026, ECF No. 147, granting Relators' motion (the "Prior Order"). Defendants filed objections to the Prior Order, and the District Court determined that the objections should be construed as a

motion for reconsideration.[1] Relators oppose the motion. Relators' Opposition to Defendants' Motion for Reconsideration ("Relators' Opp'n"), ECF No. 152.

**LEGAL STANDARD**

Motions for reconsideration in the Eastern District of New York are governed by Local Rule 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Corpac v. Rubin & Rothman, LLC*, 10 F. Supp. 3d 349, 351 (E.D.N.Y. 2013) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) ("reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources" (internal quotation marks and citations omitted)). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

Defendants' Motion does not justify reconsideration.

[1] Defendants Fresenius Vascular Care, Inc. and Gregg Miller, M.D.'s Objections to Magistrate's March 31, 2026 "Memorandum and Order" on Relators' Motion to Amend, ECF No. 149 (the "Motion"). Defendants point out that there is an unresolved debate in the Second Circuit as to whether a motion to amend is considered dispositive or non-dispositive, but the weight of authority strongly indicates that it is non-dispositive when the motion is granted. *See Tyree v. Zenk*, 2009 WL 1456554, at *3 (E.D.N.Y. May 22, 2009) ("District courts in this circuit have suggested that a magistrate judge's *denial* of a motion to amend a complaint should be treated as dispositive, while a *grant* of the same motion should be treated as non-dispositive."); *Bonilla v. City of New York*, 2020 WL 6637214, at *2 (E.D.N.Y. Nov. 12, 2020) (holding that a motion to amend is considered non-dispositive when the motion is granted); *Partminer Info. Servs., Inc. v. Avnet, Inc.*, 2009 WL 1119588, at *1 (S.D.N.Y. Apr. 21, 2009) (same). Regardless, the District Court has construed Defendants' Motion as a motion for reconsideration, so this Court will apply the legal standard for granting a motion for reconsideration accordingly.

## DISCUSSION

Defendants' initial argument is that the Prior Order improperly rewrites the Dismissal Order by 1) treating the Court's silence about Relators' request to amend as granting leave, 2) suggesting that the Dismissal Order needs to be revised to remedy potential error, and 3) treating the Dismissal Order as a "mere speed bump" rather than as a dispositive ruling. Defs' Mot. at 4-6.

Their first contention misunderstands the Court's reading of the Dismissal Order. The Dismissal Order did not explicitly state whether Relators were granted leave to amend, so the Court looked at the general practice of other courts when dismissing complaints under Federal Rule of Civil Procedure 9(b). Prior Order at 10-11. The Court recognized that "complaints dismissed under Rule 9(b) are 'almost always' dismissed with leave to amend," *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir. 1986) (citation omitted), and in cases where such leave has not been granted, plaintiffs have typically already been given at least one opportunity after dismissal to amend their complaint. *See, e.g., Armstrong v. McAlpin*, 699 F.2d 79, 93-94 (2d Cir.1983); *Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 115 (2d Cir. 1982); *Denny v. Barber*, 576 F.2d 465, 470-71 (2d. Cir. 1978). When the plaintiff requests leave to amend in the event that the court dismisses on Rule 9(b) grounds, "the failure to grant leave to amend is an abuse of discretion unless the plaintiff has acted in bad faith or the amendment would be futile." *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir. 2001) (citing *Luce*, 802 F.2d at 56-57).

Defendants cite *Wood ex rel. U.S. v. Applied Research Assocs.*, 328 F. App'x 744, 750 (2d Cir. 2009), where the Second Circuit held that it is "within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss." But to say that courts have discretion to deny leave to amend implicitly by not addressing the request does not mean that their silence on the issue must, as a

rule, always imply denial. Given the clear propensity of courts to dismiss complaints under Rule 9(b) with leave to amend and the fact that Relators were not previously afforded an opportunity to amend their complaint after a dismissal under Rule 9(b), interpreting the Dismissal Order as leaving the door open for an amended complaint is reasonable and not clear error.

Similarly, Defendants argue that Relators' non-intervened claims were dismissed with prejudice and, therefore, Relators' request to amend is "tantamount to an untimely request for reconsideration of the Dismissal Order." Defs' Mot. at 5-6. Generally, when a court is silent as to whether dismissal under Rule 12(b)(6) is with or without prejudice, "the law deems such silence to mean dismissal with prejudice." *In re Gen. Motors LLC Ignition Switch Litig*., 257 F. Supp. 3d 372, 396 (S.D.N.Y. 2017) (citing cases); *see Stern v. Gen. Elec. Co.*, 924 F.2d 472, 477 n.7 (2d Cir. 1991) ("A district court's dismissal under rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice."). When a party seeks to amend claims that have been dismissed with prejudice and a final judgment has not yet been entered, however, there remains an open question as to the proper procedural mechanism to do so—a motion for leave to amend under Rule 15(a), or a motion for reconsideration under Rule 54(b). One line of cases has construed motions for leave to amend claims previously dismissed with prejudice as motions for reconsideration under Rule 54(b) and applied its more stringent reconsideration standards. *In re Bisys Securities Litigation*, 496 F. Supp.2d 384, 386 (S.D.N.Y. 2007) ("Since . . . the claims against [co-defendant] were previously dismissed with prejudice, the Court will construe plaintiffs' request as a motion under [Rule 54(b)]"); *New York ex rel. Khurana v. Spherion Corp.*, 2019 WL 1274710, at *2-3 (S.D.N.Y. Mar. 20, 2019) ("Courts have treated a party's motion for leave to amend a claim that has been dismissed with prejudice as a motion for reconsideration under Rule 54(b)" (citing *In re Bisys*)).

But other courts apply the more liberal standard under Rule 15(a)(2) when the motion does not ask the court to reconsider its prior ruling, but rather "seeks to assert new factual allegations addressing previously identified pleading deficiencies." *Se. Pennsylvania Transportation Auth. v. Orrstown Fin. Servs., Inc.*, 335 F.R.D. 54, 74 (M.D. Pa. 2020), aff'd, 12 F.4th 337 (3d Cir. 2021); *see Dixon v. United States*, 2021 WL 12143094, at *2 (M.D. Pa. July 6, 2021) ("A traditional Rule 15 analysis applies when considering a motion to file an amended complaint that reasserts in the same action claims previously dismissed with prejudice, so long as the party is not effectively asking the court to reconsider its earlier analysis." (citing *Orrstown*)); *In re Upstart Holdings, Inc. Sec. Litig.*, 2025 WL 2772475, at *6 (S.D. Ohio Sept. 29, 2025) ("Plaintiffs do not seek to relitigate identical claims, but rather to plead additional factual allegations that directly address the deficiencies identified by [the court]. That is precisely the purpose Rule 15(a)(2) is designed to serve."); *In re EpiPen Direct Purchaser Litig.*, 2021 WL 4892231 (D. Minn. Oct. 20, 2021) (holding that Rule 15(a)(2) applied to a motion to amend claims after dismissal with prejudice when plaintiffs did not simply submit the same supporting facts for reconsideration).

In rejecting the reconsideration standard in favor of the more liberal Rule 15(a)(2) standard for motions to amend, the *Orrstown* and *Upstart Holdings* opinions distinguish *Bisys* and *Khurana* on the basis that in those cases, allowing amendment would require reopening the discovery period, the amended complaint provided minimal new evidence (*Khurana*), and/or the plaintiffs already voluntarily stipulated that all claims against the relevant defendant had been dismissed with prejudice (*Bisys*). *Orrstown*, 335 F.R.D. at 73-74; *Upstart Holdings*, 2025 WL 2772475, at *5.

Here, Relators have pleaded additional factual allegations to address the deficiencies identified in the Dismissal Order, and *Bisys* and *Khurana* are readily distinguishable. To wit, the

Fifth Amended Complaint, ECF No. 148 ("5AC"), provides substantial new evidence, formal discovery has not yet commenced, and Relators have not stipulated to dismissal of any of their claims with prejudice. Therefore, this Court finds *Orrstown* and *Upstart Holdings* to be more persuasive precedent than *Bisys* and *Khurana*, and that the Prior Order correctly applied the Rule 15(a)(2) standard to Relators' Motion to Amend.

Under Rule 15(a), leave to amend a complaint should freely be given "when justice so requires." "Grounds for denial generally involve undue delay, bad faith, dilatory motive of the requesting party, repeated failure to cure deficiencies, and futility of amendment." *U.S. ex rel. Polansky v. Pfizer, Inc.*, 2009 WL 1456582, at *10 (E.D.N.Y. May 22, 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Motions to amend complaints should be "liberally granted absent a good reason to the contrary." *Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400 (E.D.N.Y. 1995) (citing *Foman*, 371 U.S. 178).

## I. Undue Delay and Prejudice

Defendants argue that the Prior Order misapplied *Polanksy* in treating Relators' earlier amended complaints as having "no import" because they were filed while the case was still sealed. Defs' Mot. at 6. *Polanksy* is relevant, however, because the court was applying the rule that "in the preliminary stages of the lawsuit, the trial court should permit discovery and freely grant leave to amend the complaint under Rule 15." 2009 WL 1456582, at *10 (citing *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith*, 756 F.2d 230, 236 (2d Cir. 1985). There, although the plaintiff had already amended the complaint three times, those amendments were not in response to a motion by the defendant but rather were made during the period when the complaint was sealed and the United States Attorney was deciding whether to intervene, so the court did not consider the prior amendments grounds for denial. *Id*. The same logic applies here. Relators' prior

amendments were made while the case was still under seal and were not in response to apparent pleading deficiencies; thus, the fact that Relators have already amended the complaint several times does not indicate undue delay or prejudice.

Defendants also claim the Prior Order overlooked *Creswell v. Sullivan & Cromwell* because Relators did not provide a "satisfactory explanation" for their delay; however, the court in *Creswell* made clear that failure to provide a satisfactory explanation would only justify denial of leave to amend if the motion was made after an "inordinate delay" and would prejudice the defendant. 922 F.2d 60, 72 (2d Cir. 1990). Where, as here, the court concludes that there was no undue delay and no prejudice to the defendants, it is immaterial whether a "satisfactory explanation" is provided.

The rest of Defendants' arguments regarding undue delay and prejudice were already fully considered by the Court before issuance of the Prior Order. This Court finds no error in the Prior Order's determination that Relators' Motion to Amend was not unduly delayed or prejudicial. *See Bennett v. Care Correction Sol. Med. Contracted*, 2017 WL 4250519, at *1 (S.D.N.Y. Sept. 25, 2017) ("The movant may not use the motion [for reconsideration] to start a new round of arguments, nor should the Court be expected to wade through lengthy papers that simply reiterate in slightly different form the arguments already made in the party's original papers." (internal quotation marks omitted) (citing *Metro. Opera Ass'n, Inc. v. Local 100*, 2004 WL 1943099, at *2 (S.D.N.Y. Aug. 27, 2004))).

**II. Futility**

Defendants argue that the Prior Order "merely recites the ordinary 12(b)(6) pleading standards" and failed to apply the heightened pleading standard of Rule 9(b) in its futility analysis. Defs' Mot. at 9. As an initial matter, the Prior Order does, in fact, refer to the particularity requirement of Rule 9(b), in addition to the generally applicable pleading standards under Rule

12(b)(6). Prior Order at 11. Defendants mistakenly characterize the Court's futility discussion as merely "ticking through" Relators' new allegations and "offering reactions"; rather, the Court addressed each of Defendants' arguments in turn and explained why it found them unavailing. *See Ramirez v. Cnty. of Nassau*, 345 F.R.D. 397, 404 (E.D.N.Y. 2024) ("it is well-established in the Second Circuit that the burden of proving futility rests on the party opposing the amendment" (internal quotation marks omitted)). The Court did not cite additional case law relating to Rule 9(b) or the False Claims Act ("FCA"), but its assessment of Defendants' arguments necessarily pertained to the central issue of particularity.

Even if the Prior Order's futility analysis was insufficient or failed to explicitly apply the heightened pleading standard under Rule 9(b), reconsideration will be denied "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Corpac*, 10 F. Supp. 3d at 351. In this regard, Defendants provide little more than a few citations to the Dismissal Order and conclusory statements to the effect that Relators' new allegations are not "materially different" from their original allegations. Defs' Mot. at 9-10. The 5AC newly alleges:

> Five specific patient examples from New Jersey and Georgia (¶¶ 317-354) involving unnecessary vascular access procedures performed at timed intervals that were billed not only to those states' Medicaid programs, as alleged in the States' intervention complaint, but also to Medicare (allegations Defendants have already answered); Two additional patient examples from Florida and New York showing the same pattern of unnecessary procedures (¶¶ 355-359); "Spike" charts analyzing CMS reimbursement data from four representative FVC facilities (in FL, CA, IL and NJ) to graphically illustrate how, from 2012-2023, FVC patients nationwide were automatically scheduled for a 90-day follow-up visit during which unnecessary vascular access procedures were performed and billed to Medicare (¶¶ 312-316); Detail concerning an FVC-generated list (that was attached to the U.S. intervention complaint and will be an attachment to the 5AC) showing over 42,000 FVC clinically-timed evaluations ("CTE") performed over a five-year period (2011-2016) at 46 different FVC facilities in eighteen different states, and that in the overwhelming majority of cases "pulsatility" or some other "soft" sign was used to justify a fistulagram and a subsequent angioplasty (¶¶ 306-311); Examples of

> Miller's personal enforcement of the CTE protocol among FVC physicians in Florida and Tennessee (¶¶ 386-391); and Detail regarding Defendants' initial adoption of the CTE strategy, their efforts at promoting it externally and to enforce its adoption throughout the company, both within and outside of New York State (¶¶ 23, 360-391).

Motion to Amend at 2-3. These substantial new allegations directly address the Rule 9(b) pleading deficiencies identified in the Dismissal Order. Relators' amendment is not futile, and this Court will not reconsider its prior conclusion.

**III. Public Disclosure Bar**

The FCA requires courts to "dismiss an action or claim . . . if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed." 31 U.S.C. § 3730(e)(4)(A). This "public disclosure bar" does not apply, however, if the person bringing the action is an "original source" of the information.[2]

Defendants claim the original source exception does not exempt Relators from the public disclosure bar because "[w]hatever 'original source' status Relators may have for their original New York-area claims that the government is now pursuing does not transfer to the allegations Relators now seek to add about purported 'fraud' in other places." Defs' Mot. at 11 (citation omitted). But Relators' newly alleged independent knowledge is not limited to their medical practices in the New York metropolitan area as Defendants suggest. As alleged in the 5AC:

> The allegations in this Complaint are based upon information and documents Relators learned and discovered first-hand during the course of performing their professional responsibilities, from their personal interactions with Defendants' facilities, and from their discussions with individual patients who were and remain subjected to Defendants' fraudulent scheme. The allegations are also based upon ongoing investigations that Relators and Relators' counsel undertook during the course of this litigation including, but not limited to, interviews with potential

[2] Original source "means an individual who either (i) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section." 31 U.S.C. § 3730(e)(4)(B).

> witnesses, analysis/monitoring peer reviewed clinical studies, review of defendant Miller's professional history and present activities, review of updated professional guidelines, review of documents discussing serial interventions on ESRD patients, and extensive analyses of CMS data generated through at least 2023.

5AC ¶17. And as Relators point out, Defendants do not suggest that there has been public disclosure of "Relators' 'spike charts' showing FVC's patient interventions 'spiking' every 90 days at facilities in California, Illinois, Florida and New Jersey from 2012 through 2023 . . . a FVC patient from Florida who underwent a CTE angioplasty in 2022 and died the same day . . . pressure Dr. Miller placed on an FVC interventionalist in Tennessee to follow the CTE playbook . . . and . . . Dr. Miller's termination of an FVC interventionalist in Florida for failing to follow that playbook." Relators' Opp'n at 7-8.

Finally, Defendants argue that the Prior Order fails to apply the post-2010 definition of "original source" requiring a relator's knowledge to be "independent of and materially add[] to the publicly disclosed allegations." 31 U.S.C. § 3730(e)(4)(B). This Court finds no error in the Prior Order's determination that Relators' allegations are independent of the publicly disclosed allegations. In *Vierczhalek v. MedImmune Inc.*, 803 F. App'x 522, 525-26 (2d Cir. 2020), the Second Circuit held that a relator's allegations of conduct outside of New York were not "independent of" the activities charged in the New York Attorney General's complaint because the relator only further investigated in other states *after* the New York Attorney General made public allegations based on the same theory. But in this case, it was Relators who first made allegations of nationwide fraud when they filed *qui tam* complaints under seal, and those allegations first became public when the Fourth Amendment Complaint was unsealed, months before the governments' intervention complaints were filed. Relators' Opp'n at 8.

To the extent that the Prior Order should have explicitly discussed the requirement that Relators' knowledge "materially add" to the publicly disclosed allegations, that discussion would

have led to the same result, as Relators' new allegations based on their independent knowledge substantially add to the information that is already public. *See Vierczhalek*, 803 F. App'x at 526 ("[F]or new allegations to 'materially add' to the public disclosures, they must 'substantially' or 'considerably' add to information that is already public." (citing *U.S. ex rel. Paulos v. Stryker Corp.*, 762 F.3d 688, 694-95 (8th Cir. 2014))). In other words, Relators' new information about the alleged nationwide fraud "adds in a significant way to the essential factual background: the who, what, when, where and how of the events at issue." *United States ex rel. Vierczhalek v. MedImmune, Inc.*, 345 F. Supp. 3d 456, 465 (S.D.N.Y. 2018) (citing *United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294 (3d Cir. 2016) (internal quotation marks omitted)). Accordingly, the original source exception applies to Relators.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is DENIED.

**SO ORDERED.**

/s/

Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
October 30, 2026